**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Huram Erskine GARTH, alias Huram X,**
**Defendant.**

**Crim. No. 11676-N.**

United States District Court
M. D. Alabama, N. D.

Nov. 4, 1964.

Ben Hardeman, U. S. Atty., and J. O. Sentell, Asst. U. S. Atty., Montgomery, Ala., for plaintiff.

Solomon S. Seay, Jr., Montgomery, Ala., court-appointed attorney for defendant.

JOHNSON, District Judge.

The motion to dismiss the indictment in this case, filed herein on October 29, 1964, and by leave of this Court amended on October 30, 1964, is now submitted. The submission is upon the issues as raised in the motion and the evidence (consisting of oral testimony of several witnesses and the exhibits thereto) offered in support of said motion and in opposition thereto. Upon this submission, it appears that the defendant presents two general bases for his contention that the indictment should be dismissed: (1) That the Universal Military Training and Service Act is unconstitutional and that its enforcement as to this defendant is arbitrary and in violation of his constitutional rights, and (2) that the grand jury which indicted this defendant on September 9, 1964, for violating the Universal Military Training and Service Act (50 App. U.S.C. § 462) was illegally drawn, illegally constituted, and the members thereon were illegally selected by the jury commissioners through a system designed to discriminate and having the effect of discriminating against members of the Negro race.

The constitutionality of the Universal Military Training and Service Act has been determined by the courts of the United States upon many occasions. United States v. Nugent, 346 U.S. 1, 73 S.Ct. 991, 97 L.Ed. 1417, rehearing denied 346 U.S. 853, 74 S.Ct. 66, 98 L.Ed. 367; United States v. Henderson, 7 Cir., 180 F.2d 711, cert. denied 339 U.S. 963, 70 S.Ct. 997, 94 L.Ed. 1372; United States v. Lambert, 3 Cir., 123 F.2d 395; United States v. Kime, 7 Cir., 188 F.2d 677, cert. denied 342 U.S. 823, 72 S.Ct. 41, 96 L.Ed. 622. The constitutionality of the specific section of the military training act under which this indictment is laid has also been passed upon many times. Warren v. United States, 10 Cir., 177 F.2d 596, cert. denied 338 U.S. 947, 70 S.Ct. 485, 94 L.Ed. 584; Dodez v. United States, 6 Cir., 154 F.2d 637; Seele v. United States, 8 Cir., 133 F.2d 1015. In connection with the theory of the defendant that his classification was arbitrary and without any basis in fact, the evidence in this case is without dispute that the defendant was notified by his Selective Service Board concerning his classification. He failed to avail himself of any of the administrative appellate procedures, and at the time of registering he had been delinquent for a period of approximately four years. The evidence is without dispute that the defendant failed to exhaust his administrative remedies, and, in accordance with the established law, is therefore precluded from challenging his classification in this proceeding. United States v. Balogh, 329 U.S. 692, 67 S.Ct. 625, 91 L.Ed. 605; Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L.Ed. 59; Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567; Falbo v. United States, 320 U.S. 549, 64 S.Ct. 346, 88 L.Ed. 305. It follows, therefore, that there is absolutely no basis in fact or in law in support of the defendant's contention that the Universal Military Training and Service Act and/or the rules, regulations and directions duly made pursuant thereto and/or the application of the Act as to his particular case are unconstitutional or are being unconstitutionally applied.

As to the defendant's contentions that the grand jury which returned

the indictment in this case was illegally drawn, that the jury box was not legally maintained in accordance with the law, that the grand jury was not legally summoned, and that the jury commissioners for this district, in the performance of their duties, had systematically excluded the names of members of the Negro race from the jury box, the evidence presented to this Court in this proceeding not only completely and absolutely fails to sustain any such contentions, but, to the contrary, it shows, without any doubt, that the jury commissioners in this district have complied with the law in every respect and have conscientiously and effectively applied the same standards in the selection of members of the Negro race for jury duty that were applied to members of the white race. This Court recognizes that there is no question that any exclusion or discrimination against members of a particular political or economic group, race, or sex, by officers in charge of selecting and summoning jurors, is in contravention of the constitutional right to a jury trial and of the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States. This basic constitutional principle was thoroughly reviewed and restated by Chief Justice Hughes in Norris v. State of Alabama (1935), 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074. It has been restated by the highest courts of this land many times. Avery v. State of Georgia (1953), 345 U.S. 559, 73 S.Ct. 891, 97 L.Ed. 1244; Brown v. Allen (1953), 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Reece v. State of Georgia (1955), 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77; Eubanks v. State of Louisiana (1958), 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991. Upon many occasions, the Court of Appeals for this circuit has applied this constitutional principle. United States ex rel. Goldsby v. Harpole (1959), 5 Cir., 263 F.2d 71, cert. denied 361 U.S. 838, 80 S.Ct. 58, 4 L.Ed.2d 78; United States ex rel. Seals v. Wiman (1962), 5 Cir., 304 F.2d 53, cert. denied

372 U.S. 915, 83 S.Ct. 717, 9 L.Ed.2d 722.

■ The law is equally clear that the method followed by jury commissioners in selecting the names of individuals for jury duty must be reasonably designed to eliminate systematic exclusion of any race, social or economic group. However, where the procedure followed does not result in systematic exclusion, no defendant or group has any vested right in any particular method of the selection of juries. The evidence in this case reflects that the jury commissioners traveled and visited in every county in this district, contacted outstanding citizens of both races personally known to them, and solicited from them suggestions as to names of persons qualified to serve as jurors. This system as practiced by the jury commissioners in this district is, in the opinion of this Court, the best system and procedure that could possibly be devised to assure that there will be no systematic and deliberate exclusion of any group or race. In this connection, see United States v. Hoffa, D.C., 205 F.Supp. 710, cert. denied Hoffa v. Lieb, 371 U.S. 892, 83 S.Ct. 188, 9 L.Ed.2d 125; Chance v. United States, 5 Cir., 322 F.2d 201; Collins v. Walker, 5 Cir., 329 F.2d 100. According to the uncontradicted evidence in this case, the system as followed in this district has resulted in a jury system that is constitutional in every respect. The jury box from which the grand jury which returned this indictment was drawn was maintained in accordance with the law. The jury was drawn and summoned in strict accordance with the law. There was no discrimination against members of the Negro race at any time by the jury commissioners, or any other officer of this court, that resulted in any member of the Negro race being excluded from jury duty, and to require this defendant to stand trial on the indictment which was returned in this case will not deprive him of any of his constitutional rights. As a matter of fact, the method of selection as followed by the jury commissioners, according to the uncontra-

dicted evidence, has resulted in members of the Negro race being on every grand and petit jury empaneled in this district during the past eight years. The system resulted in six Negroes being summoned and four actually serving on the grand jury that returned this indictment.

As to the attack by this Negro defendant, through his Court-appointed Negro lawyer, on the selection of jurors for service in this Court, this Court specifically finds that there was no basis in law or in fact for the several grounds set out in the motion to dismiss as originally filed or as amended. In this connection, this Court now feels the need to specifically observe what was thought was already impressed upon each lawyer who practices in the United States court in this district, that is, that this Court has consistently, throughout the years, conscientiously and without wavering, protected and enforced the constitutional rights of all litigants, without regard to race, creed, or national origin; the opinions, orders and decrees as issued—all a matter of public record—in a multitude of highly controversial and sometimes emotionally-packed cases stand witness to this record. This performance is based upon the philosophy that all litigants, regardless of their race, creed, national origin, or political or economic group, are entitled to their constitutional rights, and it is the duty of the courts to see that these rights are available and protected in every respect. The officers of this Court, without exception—and this specifically includes the jury commissioners—were selected after it had been definitely determined that they were dedicated to this philosophy. The evidence in this case, without any contradiction, reflects that the jury commissioners in this district have followed this philosophy in the performance of their duties, as required of them by the law and this Court.

As stated above, the motion in this case was filed without any basis in law or in fact. Upon the filing of the motion now presented, this Court freely, and without any reservation, made all of the processes available to the defendant and his counsel. This included an examination of the jury box and the cards contained therein, an examination of the records, including the basic work records of the jury commissioners, and the subpoena processes of the Court in every instance where requested. For such a motion to be filed without any prior indication that there was any merit to it, either in law or in fact—and the evidence in this case so reflects—evidences a complete lack of appreciation for the seriousness of the allegations made; evidences a lack of consideration for the processes of this Court, which have been flagrantly abused by a "fishing expedition"; and, finally, evidences poor judgment and an attitude of irresponsibility by the filing of such a motion without any basis in law or in fact.

Upon consideration of the foregoing and for good cause, it is the order, judgment and decree of this Court that the motion to dismiss as filed herein on October 29, 1964, and amended on October 30, 1964, be and the same is hereby denied.