**UNITED STATES of America, Plaintiff,**

v.

**Irving Alex KURKI, Defendant.**

**No. 65–CR–135.**

United States District Court
E. D. Wisconsin.

June 22, 1966.

James B. Brennan, U. S. Atty., by Franklyn M. Gimbel, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

David Loeffler, Madison, Wis., for defendant.

## OPINION AND ORDER

REYNOLDS, District Judge.

Irving Alex Kurki is charged in an indictment returned November 9, 1965, with knowingly failing to report for induction into the Armed Forces after being classified I–A by his local draft board, a violation of 50 U.S.C.A. App. § 462.

The defendant entered a plea of "not guilty" on December 6, 1965.

The case is presently before the court on a motion to dismiss the indictment. The crux of the motion is that before a person can be convicted of a violation of 50 U.S.C.A. App. § 462, he must be afforded the opportunity to have his selective service file remanded to the Selective Service System for consideration of a claim of conscientious objector status first asserted after indictment. Before discussing this motion, a review of the proceeding prior to the filing of the motion is necessary.

## PREINDICTMENT PROCEEDINGS

On June 18, 1964, Kurki executed a Classification Questionnaire which was received by his local board on June 24, 1964. Series VIII of this questionnaire, which invites an assertion of a claim of conscientious objector status, was left completely blank. On August 11, 1964, the local board, by a vote of three to nothing, classified Kurki I–A. Notice of this classification was mailed to Kurki on August 14, 1964.

On November 3, 1964, a Current Information Questionnaire was sent to Kurki, and the executed questionnaire was received by the local board on November 13, 1964. Although the instructions on the questionnaire state that a registrant may attach any additional information that he believes should be

brought to the attention of the local board, Kurki did not supply any information concerning a claim of being a conscientious objector.

On March 2, 1965, a second Current Information Questionnaire was sent to Kurki. Before its return and on March 16, 1965, Kurki was sent a notice to report for a physical examination. On April 1, 1965, the local board received the second questionnaire executed by Kurki. This questionnaire had no information attached which would indicate that Kurki claimed conscientious objector status. On April 16, 1965, Kurki was sent a Statement of Acceptability notifying him that he had been found fully acceptable for induction into the Armed Forces.

On July 19, 1965, the local board reviewed Kurki's selective service file and found no change in his status. The vote was three to nothing. The next day an order to report for induction was mailed to Kurki. The date for induction was August 10, 1965. In a letter dated August 2, 1965, directed to the local board and others, Kurki announced his refusal to serve in the Armed Forces. The reasons for his refusal were stated in the letter which is Appendix "A" to this opinion and order.

On August 10, 1965, Kurki reported to the office of the local board * but said that he was not going to the induction station for induction into the Armed Forces. He was asked to leave at once.

The minutes of actions by the local board show that on August 17, 1965, the members of the local board believed that they could not secure the induction of Kurki. The vote was three to nothing.

Two days later the local board mailed a Delinquent Registrant Report to the Wisconsin State Headquarters for transmittal to the United States Attorney for the Eastern District of Wisconsin.

On November 9, 1965, the grand jury returned an indictment charging Kurki with a violation of 50 U.S.C.A. App. § 462.

## POST–INDICTMENT PROCEEDINGS

After indictment, Kurki entered a plea of "not guilty" to the offense charged. On January 3, 1966, a motion to dismiss the indictment was filed on Kurki's behalf by his retained attorney. That motion listed three grounds in support of dismissal: (1) that the order to report for induction was invalid since it was in furtherance of a violation of the Separation of Powers provision of the Constitution and contrary to the provision of the Constitution giving Congress the sole authority to declare war; (2) that the order was in furtherance of a violation of international law; to-wit, the Charter of the United Nations; and (3) that the order was in violation of Kurki's free speech right and his right to petition the government for redress of grievances.

On January 11, 1966, Kurki, by letter, advised the court that he had retained different counsel.

On February 10, 1966, the motion to dismiss the indictment, which is now before the court, was filed by Kurki's newly-retained counsel.

This motion is grounded on the following propositions:

1. That no one can be convicted of a violation of 50 U.S.C.A. App. § 462 without first being afforded the opportunity to demonstrate to the Selective Service System that he is entitled to an exemption as a conscientious objector as defined in 50 U.S.C.A. App. § 456(j);

2. That the defendant presented no evidence to the Selective Service System concerning his now claimed conscientious objector status;

3. That the defendant did not willfully, with a view to frustrating selective

---

* In the brief in support of this motion, defendant's counsel's statement of facts shows that when Kurki reported to the local board's office, he passed out a leaflet which was " * * * sharply critical of American military involvement in Viet Nam. The leaflet announced that 'I am refusing to submit to induction. I ask you to do the same.' "

service procedures, fail to present evidence of his conscientious objector status, nor did he negligently fail to avail himself of selective service procedures seeking a determination of his claimed conscientious objector status; and

4. That the defendant's failure to present evidence to the Selective Service System was due to excusable neglect considering the substantial change in the scope of 50 U.S.C.A. App. § 456(j), occasioned by the rationale of United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733, decided March 8, 1965.

For the above reasons, the defendant seeks dismissal of the indictment and a remand of the matter to the Selective Service System. This motion to dismiss also stated that the defendant withdrew his earlier motion to dismiss.

The motion now before the court was supported by an affidavit from the defendant which is attached to this opinion and order as Appendix "B."

## DISCUSSION OF THE MOTION TO DISMISS

A study of the defendant's selective service file, his affidavit submitted in support of his motion, and the briefs, argument, and authorities cited leads this court to the conclusion that the motion must be denied.

The record in this case shows beyond any question that the defendant at no time appealed or in any way challenged his I-A classification, or submitted any evidence to his local board, as to his presently claimed conscientious objector status. In fact, the first time that any mention of a claim of such status was made was at the time of the filing of this motion.

[1] The law is well settled that the failure to take an appeal from a classification and to otherwise exhaust administrative remedies precludes a judicial review of the classification. United States v. Nichols, 241 F.2d 1 (7th Cir. 1957); United States v. Dorn, 121 F.Supp. 171 (E.D.Wis.1954). This rule controls this case unless the authority in Glover v. United States, 286 F.2d 84 (8th Cir. 1961), cited by defendant, is applicable. Glover adhered to the general rule as to the necessity for exhaustion of administrative remedies in order to obtain a judicial review. The court was of the opinion that the rule was " * * * not absolute, inflexible and without exception, but that it is to be relaxed only under extremely exceptional and unusual circumstances." Glover v. United States, supra, at 91.

The question, then, before this court is whether this case presents "extremely exceptional and unusual circumstances."

The language of the conscientious objector statute, 50 U.S.C.A. App. 456(j), that is material here, reads as follows:

"Nothing contained in this title [sections 451–454 and 455–471 of this Appendix] shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form. Religious training and belief in this connection means an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views or a merely personal moral code. * * *"

It can be seen that the first sentence of the statute sets up two conditions which must be present in order for one to qualify for conscientious objector status: (1) conscientious opposition to participation in war in any form (2) by reason of religious training and belief, as that phrase is defined in the second sentence of the quoted portion of the statute.

The Supreme Court in United States v. Seeger, 380 U.S. 163, 176, 85 S.Ct. 850, 859, 13 L.Ed.2d 733 (1965), examined the definition of religious training and belief contained in the second sentence of § 456(j) and enunciated a test for the determination of

whether an individual is entitled to an exemption:

"*  *  *  The test might be stated in these words: A sincere and meaningful belief which occupies in the life of its possessor a place parallel to that filled by the God of those admittedly qualifying for the exemption comes within the statutory definition.  *  *"

In connection with this test established by the Supreme Court, and in an effort to meet the test, the defendant states in his affidavit:

"3.   That at the time, affiant filled out the said Classification Questionnaire he did not sign the Series VIII Declaration because:

"1.   Affiant has no belief in a Supreme Being either in the Anthropomorphic, Theistic or Pantheistic sense.

"2.   Affiant is not opposed to all wars of any form.

*     *     *     *     *     *

"6.   That affiant believes that his opposition to combatant or noncombatant service in the armed forces, a service occasioned by the present military involvement of the U. S. in Viet Nam, flows from a total belief system which occupies a position in his life parallel to the belief system of a person whose belief in an orthodox God leads him to oppose participation in all war."

Kurki, by these portions of his affidavit concerning his failure to sign Series VIII on the Classification Questionnaire and the position which his belief system occupies in his life, clearly indicates that his belief system does not lead him to oppose participation in all war.  Thus, in attempting to place himself within the *Seeger* test as to the meaning of the phrase "religious training and belief" in 50 U.S.C.A. App. § 456 (j), he asks the court to place a new interpretation on that portion of the same statute which requires a conscientious opposition to war in any form.  In effect, Kurki urges this court to adopt a new test, a "particular war" test, and in so doing he asks this court to alter the provisions of § 456(j) to read:

"Nothing contained in this title shall be construed to require any person to be subject to combatant training and service in the armed forces of the United States who, by reason of religious training and belief, is conscientiously opposed to *any particular war.*"

The court has carefully scrutinized the *Seeger* case and finds absolutely no authority for such a test.

This court cannot adopt such a test which flies in the face of the language of 50 U.S.C.A. App. § 456(j) and defies the intent of Congress when it set up the conditions for the conscientious objector exemption.

This case surely does not fall within the *Glover* holding that in extremely exceptional and unusual circumstances, the rule requiring exhaustion of administrative remedies may be relaxed. This is true regardless of when Kurki became aware of the expanded meaning given to the conscientious objector statute by the *Seeger* case, because to relax the exhaustion of remedies rule in this case would require remanding the Kurki file to the Selective Service System for reopening and considering anew a claimed classification that drastically deviates from clear Congressionally established standards.  The granting of this motion would be asking the Selective Service System to consider creating a classification for "particular war" pacifists.  Such a classification has never been created by Congress or the courts.

The court has decided this matter on a motion to dismiss because counsel advised the court that the briefs and the evidence adduced at the hearing of the motion have presented all authorities, arguments, and facts necessary for a full and proper determination of the issue.

It is therefore ordered that the defendant's motion to dismiss the indictment must be and it is hereby denied.

APPENDIX "A"

COPY

Monday, August 2, 1965
5918 Eighth Ave.
Kenosha, Wisconsin

President of the United States
Lyndon B. Johnson

Secretary of Defense
Robert Macnamara

Racine Co. Local Board 60
Selective Service System
Room 311, 524 Main St.
Racine, Wisconsin

Dear Sirs:

I, as an American citizen, find myself in a very deep and pressing dilemma. I have passed my physical examination for the Selective Service System in April of this year, and am classified 1–A. On July 26, 1965, I received word from my local draft board that I am to report on August 10, 1965 for induction into the US: Army.

Also, for quite some time I have felt very deeply that our policies in Viet Nam and the Dominican Republic are completely wrong, morally, politically, and against the traditional American concepts of Foreign Affairs.

I feel that the policies we are pursuing in Southeast Asia and the people who condone or actively support these policies will be condemned by future generations. By openly violating the various international agreements, by supporting corrupt and undemocratic governments, by murdering innocent women and children, and all this is in the name of democracy, this ADministration violated every thing the American people have stood for since the birth of our nation.

For these reasons I therefore refuse to serve in the Armed Forces of the United States in any way and will continue to do so until the current un-American policies are changed. I cannot support these policies and live with my conscience at the same time.

I therefore refuse to participate in the Army as an agent of injustice.

In the cause of democracy,

(s) Irving A. Kurki

Irving A. Kurki

cc: to several major newspapers and other means of public communications.

Irving Alex Kurki being duly sworn on oath deposes and says:

1. That he is the defendant in the above entitled action.

2. That at no time subsequent to his receipt of the Selective Service System Classification Questionnaire, on or about 18 June 1964, to the present date, has the affiant presented to any administrative authority, evidence that he is entitled to an exemption from induction pursuant to the provisions SO U.S.C. App. Section 456 (j).

3. That at the time, affiant filled out the said Classification Questionnaire

he did not sign the Series VIII Declaration because:

1.  Affiant has no belief in a Supreme Being either in the Anthropomorphic, Theistic or Pantheistic sense.

2.  Affiant is not opposed to all wars of any form.

    At the time of signing the said Classification Questionnaire affiant believed, based upon general knowledge of the appropriate law, that belief in a Supreme Being in a Anthropomorphic, Theistic or Pantheistic sense, and total opposition to all war of any form, as a derivative of said religious belief were necessary conditions of obtaining a conscientious objector status.

4.  At all times subsequent to June 18 of 1964, to the present time affiant has never claimed conscientious objector status, during the course of any contact with any agent of the United States, because he believed that he did not qualify for such exemption for the reasons outlined in paragraph 3. of this affidavit.

5.  After indictment, affiant consulted his present attorney, David Loeffler, who appraised him that the scope of the conscientious objector exemption had been considerably expanded by a recent U. S. Supreme Court decision, United States v. Seeger, 380 U.S. 163 (1965) and that his attorney, David Loeffler had appraised him, that " * * * the test of a belief * * * is sincere and meaningful occupies a place in the life of its possessor parallel to that filled by the orthodox belief in God of one who clearly qualifies for the exemption." Affiant is aware that this test is enunciated in United States v. Seeger at page 166 of that opinion.

6.  That affiant believes that his opposition to combatant or noncombatant service in the armed forces, a service occasioned by the present military involvement of the U. S. in Viet Nam, flows from a total belief system which occupies a position in his life parallel to the belief system of a person whose belief in an orthodox God leads him to oppose participation in all war.

7.  Affiant was not aware of the relevancy of the Seeger test to his life circumstances until he discussed the pending indictment with his present attorney, David Loeffler in January of 1966.

