**UNITED STATES of America,**
**Appellee,**

v.

**Irving Alex KURKI, Appellant.**

**No. 15975.**

United States Court of Appeals
Seventh Circuit.

July 12, 1967.

Certiorari Denied Jan. 29, 1968.

See 88 S.Ct. 861.

Kiley, Circuit Judge, dissented.

David Loeffler, Madison, Wis., Harold P. Southerland, Milwaukee, Wis., for appellant.

James B. Brennan, U. S. Atty., Franklyn M. Gimbel, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before KNOCH, KILEY and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge:

Under Section 12 of the Universal Military Training and Service Act of 1948 (50 U.S.C. App. § 462), defendant was indicted for failing to report for induction to his Local Board in Racine, Wisconsin. His motion to dismiss the indictment was denied[1] and he was found guilty in the ensuing bench trial.

On July 20, 1965, defendant received an order to report for induction at his Local Board in Racine "on 10 August 1965, at 6:00 a. m., for forwarding to an Armed Forces Induction Station". He had previously been classified I-A and had passed his pre-induction physical examination. He did not challenge the I-A classification administratively.

On August 2, 1965, defendant sent a letter to the President of the United States, the Secretary of Defense, and his Local Board, complaining of United States policies in Vietnam and the Dominican Republic. This letter concluded as follows:

"I therefore refuse to serve in the Armed Forces of the United States in any way and will continue to do so until the current un-American policies are changed. I cannot support these policies and live with my conscience at the same time.

"I therefore refuse to participate in the Army as an agent of injustice."

On August 10, 1965, defendant appeared at the local draft board in Racine. He thereupon distributed to some of those reporting for induction a signed leaflet that he had authored, entitled "A Declaration of Conscience". The leaflet severely criticized United States policies as to Vietnam and then said:

"I am refusing to submit to induction."

At the local board at this time, Miss Mona Hogan and a Miss Patel were processing the hundred or so men who had reported. When defendant reached Miss Patel's desk, she asked him "Are you going for induction this morning" or "[are you] going to report for induction?". He answered negatively. Miss Hogan then asked him to leave the office. When the two clerks went downstairs to put the men on the buses to the induction center in Milwaukee, defendant was standing outside the building but then left.

At the trial, the District Court permitted defendant to assert as a defense that he was entitled to classification as a conscientious objector under Section 6(j) of the Universal Military Training and Service Act (50 U.S.C. App. § 456(j)).

1.  United States v. Kurki, 255 F.Supp. 161 (E.D.Wis.1966).

However, this defense did not prevail because defendant was not found "by reason of religious training and belief \* \* \* conscientiously opposed to participation in war in any form" as required by Section 6(j). Defendant was sentenced to two years' imprisonment. He is at liberty on bond pending the outcome of this appeal.

■■ For the first time, defendant asserts that his conviction was improper for want of compliance with certain portions of Army Regulation 601–270, providing for stepping forward upon induction and for felony warnings to those who refuse.[2] These regulations should have been cited below and under well recognized appellate principles may not be considered here. United States v. Miroff, 353 F.2d 481, 483–484 (7th Cir. 1965). Moreover, they are inapplicable on their face, for they deal with induction and its refusal, whereas the present indictment is for failure to report for induction to the local draft board. Similarly, Chernekoff v. United States, 219 F.2d 721 (9th Cir. 1955), holding that the mandatory provisions of the foregoing Army Regulation must be observed before a draft registrant can be prosecuted, is inapplicable, for it concerned the offense of refusing to submit to induction.

■ Defendant also relies upon certain provisions of the Selective Service System's Rules and Regulations[3] referring to the instructions of a clerk of the local board as to the manner of transportation to the induction center and providing that the local board shall inform registrants to obey the instructions of the leader appointed for the group, etc. Since these regulations were not relied upon in the District Court, defendant may not now assert their violation. United States v. Tyrrell, 329 F.2d 341, 345 (7th Cir. 1964). In addition, they apply only to those who report for induction. In accordance with the tenor of his letter of August 2 to Government officials, defendant did not report for induction, as the District Court found with "no hesitancy at all". Instead defendant was there distributing his "Declaration of Conscience" urging those reporting to refuse to submit to induction (see 255 F.Supp. at p. 163, note).

■ Defendant next argues that the evidence was insufficient to convict him. However, defendant himself told local draft board clerk Miss Patel that he was not "going to report for induction", thus admitting the commission of the very crime for which he was indicted. Defendant was a witness in the District Court. If he had any doubts about local board procedures or the point of time at which he would be violating the statute, he should have expressed those doubts during his trial. Instead his entire testimony was concerned with his possible status as a conscientious objector. Cf. Johnson v. United States, 318 U.S. 189, 196. On this record, we conclude that defendant's refusal to report for induction to his local board was unambiguous.

■ Finally defendant asserts that he should have been classified as a conscientious objector pursuant to Section 6(j) of the Act. However, he did not exhaust his administrative remedies by seeking Appeals Board review of his I–A classification. Therefore, he cannot complain of the I–A classification in this criminal prosecution (United States v. Nichols, 241 F.2d 1, 3 (7th Cir. 1957); Williams v. United States, 203 F.2d 85, 87 (9th Cir. 1953), certiorari denied, 345 U.S. 1003, 73 S.Ct. 1149, 97 L.Ed. 1408), and the District Court should not have received evidence as to whether he was actually a conscientious objector within the meaning of Section 6(j). His argument that Section 6(j) may not be constitutionally applied to him is not ripe for adjudication. Allen v. Grand Central Aircraft Co., 347 U.S. 535, 553,

---

2. Similar regulations are reproduced in Chernekoff v. United States, 219 F.2d 721, 724, note 12 (9th Cir. 1955).

3. 32 CFR §§ 1632.14 and 1632.15.

74 S.Ct. 745, 98 L.Ed. 933; United States v. Garth, 239 F.Supp. 164, 165 (M.D.Ala.1964); 3 Davis, Administrative Law Treatise § 20.04.

The judgment is affirmed.

KILEY, Circuit Judge (dissenting).

I respectfully dissent. The government was required to prove beyond a reasonable doubt that Kurki "did wilfully and unlawfully fail to report for induction to his Local Board No. 60 * * * [in] Racine, Wisconsin" on August 10, 1965.

In my opinion the record is not sufficient to prove the essential element of knowledge or wilfulness beyond a reasonable doubt. It is admitted that Kurki appeared at the Board office at the appointed hour of 6:00 a. m. on August 10, 1965. The letters Kurki wrote before and his distribution of the literature during his appearance in themselves are of no consequence to the question of his guilt. And here they are not enough to clarify and raise to the level of criminality Kurki's responses to the ambiguous questions of the Board personnel. Cf. Chernekoff v. United States, 219 F.2d 721, 725 (9th Cir. 1955).

Miss Hogan testified that after Kurki identified himself to Miss Patel [1] the latter asked him, "Are you going today?" and that he said "no." Then Miss Hogan ordered Kurki to leave "immediately" and repeated the order to leave as he stood at the door. When the other inductees and the Board employees went outside to "put the boys on the bus" for the Milwaukee Induction Center, Kurki was still outside, but Miss Hogan said "he left immediately." On cross-examination she stated Miss Patel asked in the office, "Are you going *for induction* this morning?" and "She asked him if he was going to report *for induction.*" (Emphasis added.) Miss Hogan testified Kurki was not asked if he was going to get on the bus. The court's opinion puts the statements of trainee-employee Miss Patel, as related not by

Miss Patel but another Board employee, in the disjunctive, indicating uncertainty about which was the fact. Even taking this testimony in the light most favorable to the government, I think the trier of fact should have found a reasonable doubt as to the wilfulness of Kurki's failure to report.

The record seems to me to suggest understandable pique in the Board personnel because of Kurki's conduct. But I do not think this is sufficient to preclude Kurki's reliance on his right to a procedure similar to that outlined in Chernekoff v. United States, 219 F.2d at 724.

The fact that defendant was a witness does not relieve the government of its burden of proof. He had no obligation to express at his trial any doubts he had about the Local Board's procedures or at what point he would be guilty of violating the law. The government had the burden of proving beyond a reasonable doubt that he wilfully failed to report for induction.

In my opinion only a most restricted view of what is fair can preclude reliance here upon Selective Service Regulations because they were not "cited below." This court's holding in United States v. Miroff, 353 F.2d 481, 483 (7th Cir. 1965), does not preclude that reliance. That was a civil suit for judgment for unpaid taxes and to enforce a tax lien, and the holding of waiver was with reference to a "minor contention." And under United States v. Tyrrell, 329 F.2d 341, 345 (7th Cir. 1964), another civil tax case cited by the majority, the rule of waiver is not applied to jurisdictional grounds such as due process, or when it is not in the interests of justice. I think Kurki is entitled to try to set aside this unfair conviction by arguing from the regulations governing induction that he was prejudiced by failure of proof of the felony of knowingly and wilfully failing to report for induction.

Kurki faces two years in prison, the penalty for the offense charged being the

1. Miss Patel did not testify.

same as that for refusing to submit to induction, "imprisonment for not more than five years or a fine of not more than $10,000," or both. 62 Stat. 622 (1948), 50 U.S.C. App. § 462 (1964). There is no reason why the rule in Chernekoff v. United States, 219 F.2d at 725, should not require a more formal, clear resolution of the wilfulness of a defendant's conduct than the record here discloses.

The fact that the regulations do not require more than what was done here by the Local Board does not excuse a lack of evidence to prove wilfulness in this case beyond a reasonable doubt. If the regulation required only what was done here in order to convict a defendant, in my opinion it would be constitutionally infirm for failing to provide due process.

The government, to sustain a conviction for "refusal to submit to induction," is required under *Chernekoff* to prove that the induction ceremony followed the prescribed regulations as to the routine of the registrants in submitting, and that registrants who refused to take the "step forward" were warned of the penal consequences, had the "imminence of induction" statement reread to them, and finally were requested to sign a formal statement of refusal. The court there said Chernekoff should have been given the opportunity to "seriously reflect" on the consequences of his action, 219 F.2d at 725, and I think the denial of this opportunity to Kurki creates a reasonable doubt as to his wilfulness.

After Kurki left the Board office there was still an opportunity to ask or order him to board the bus and to explain the gravity of his decision and the penalty facing him. This is not a case where a registrant has failed to report for induction by absenting himself, thus making it impossible for any warnings to be given. I would hold that where a registrant has entered the premises of the Local Board on the day appointed, he cannot be convicted of failure to report un-

less warnings adequate under *Chernekoff* are given or unless his subsequent departure was in no way caused by draft board officials.

I would reverse.