Burgess Melvin CARSON, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 25659.

United States Court of Appeals
Fifth Circuit.

May 8, 1969.

Hilton M. Fuller, Jr., Atlanta, Ga., for appellant.

Charles L. Goodson, U. S. Atty., Charles B. Lewis, Jr., Asst. U. S. Atty., for appellee.

Before BELL and COLEMAN, Circuit Judges, and BOYLE, District Judge.

BOYLE, District Judge:

The appellant in a jury waived trial was convicted for failing to submit to induction into the armed forces of the United States in violation of 50 App. U.S.C. § 462. He contends the Trial Court committed two errors: (1) finding that there was a "basis in fact" for his local Selective Service Board's refusal to classify him as a conscientious objector and (2) refusing to allow him to testify concerning events surrounding the Board's denial of the requested classification. We find no error and affirm.

On November 14, 1966, appellant, then a 22-year old who had completed about two years of college, requested that his student deferment, originally obtained in November 1964, be continued in view of his declared intention to re-enroll in college in January 1967. He also requested a hardship deferment based on his claim he was the sole support of his mother. In connection with the latter, he was furnished, but failed to complete and return, SSS Form 118. On November 15, 1966, he was classified I-A.

On November 20, 1966, he again appeared at the Board office, renounced his interest in the hardship deferment and requested a Form 150 (conscientious objector), which was provided him. He completed and returned the form, stating therein he had, in October 1966, accepted publicly the religion of Islam, the creed of which, he represented, prohibits his participation in wars which take human lives and requires the belief that Muslims should not be forced to take part in such wars because they "* * * have

nothing to gain from it unless America agrees to give us the necessary territory wherein we have something to fight for."

In due course the Board denied the conscientious objector classification of which appellant was notified by letter. Additionally, a notice of classification (Form 110) to I-A was mailed the appellant. He subsequently reported, as ordered, for induction, but refused to be inducted.

■■■ Exemptions from military service are matters of legislative grace and not constitutional right. George v. United States, 196 F.2d 445 (9 Cir. 1952), cert. denied 344 U.S. 843, 73 S.Ct. 58, 97 L.Ed. 656 (1952). The registrant has the burden to show he is entitled to some other classification than I-A. United States v. Carroll, 398 F.2d 651 (3 Cir. 1968); United States v. Porter, 314 F.2d 833 (7 Cir. 1963).

■■■ The scope of judicial review of draft classifications is extremely narrow. Matyastik v. United States, 392 F.2d 657 (5 Cir. 1968); Blalock v. United States, 247 F.2d 615 (4 Cir. 1957). However, recognized defenses to prosecution for refusal to be inducted include there being no "basis in fact" for the classification, Witmer v. United States, 348 U.S. 375, 75 S.Ct. 392, 99 L.Ed. 428 (1955); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); McCoy v. United States, 403 F.2d 896 (5 Cir. 1968), and the Board's failure to follow the Selective Service regulations or its arbitrary or capricious action. Estep v. United States, supra; Imboden v. United States, 194 F.2d 508 (6 Cir. 1952), cert. denied 343 U.S. 957, 72 S.Ct. 1052, 96 L.Ed. 1357 (1952).

■■■ The issue as to whether or not there was a basis in fact for the Board's classification arises only after the registrant has made out a prima facie case, which he has the burden of doing, of right to the desired classification. United States v. Hill, 221 F.2d 437 (7 Cir. 1955), cert. denied 349 U.S. 964, 75 S.Ct. 897, 99 L.Ed. 1286 (1955), reh. denied 350 U.S. 855, 76 S.Ct. 41, 100 L.Ed. 760 (1955), cert. denied 351 U.S. 971, 76 S.Ct. 1039, 100 L.Ed. 1489 (1956) and the cases cited therein. The appellant fell short of establishing such a case. Beliefs which are " * * * essentially political, sociological or philosophical views or a merely personal moral code" do not satisfy the statutory conscientious objector exemption test. 50 App. U.S.C.A. § 456(j). Even though appellant sincerely held the beliefs described in his SSS Form 150 responses, they reflect an opposition to war which smacks of being essentially political, rather than religious, and could fairly be said to express opposition only to particular wars. Such opposition is without the ambit of the statutory exemption. See United States v. Kauten, 133 F.2d 703 (2 Cir. 1943); United States v. Kurki, 255 F.Supp. 161 (E.D.Wis., 1966), aff'd 384 F.2d 905 (7 Cir. 1967), cert. denied 390 U.S. 926, 88 S.Ct. 861, 19 L.Ed.2d 987 (1968).

■■■ Assuming, arguendo, appellant did establish a prima facie case for a I-O classification, we find no error in the Trial Court's conclusion there was a basis in fact for the I-A classification. Any fact which casts doubt upon the sincerity of the registrant's claimed belief is relevant. Witmer v. United States, supra; United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965). Actions or statements inconsistent with the claimed exemption can provide a basis in fact for denial thereof, Parrott v. United States, 370 F.2d 388 (9 Cir. 1966), cert. denied 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967), and the untimeliness with which the alleged religious opposition to war is embraced may constitute a basis in fact for denial of the conscientious objector classification. Salamy v. United States, 379 F.2d 838 (10 Cir. 1967). Appellant's conditional opposition to war and his claim that he became a follower of the Nation of Islam just a month and a half, or less, before (but made after) he lost his student deferment, reflected by his SSS

Form 150, form a basis in fact for denial of the I-O classification.

■ The contention that the Trial Court erred in refusing to allow appellant to testify as to circumstances surrounding the Board's denial of the requested exemption, by which testimony he hoped to show denial of due process in the classification procedure, is also without merit.

Although appellant was not permitted to testify for trial purposes, he was allowed to testify, as did the clerk of the local board, in a proffer of excluded evidence. A review of the proffered evidence reveals no procedural irregularities in the classification process.

The proffer establishes mailing of the notice of the I-A classification (Form 110) and letter notice of the Board's denial of the I-O classification requested. Undisputedly, Form 110 sets forth a registrant's right to appeal and is adequate notice thereof. The Selective Service Form 110 constitutes adequate notice of a registrant's right to appeal. See Thompson v. United States, 380 F.2d 86 (10 Cir. 1968) and the authority therein cited. The conscientious objector Form 150, which appellant executed and signed beneath a certificate stating he had read the form, also referred to the right of appeal.

■ Appellant's claim that he was ignorant of his right to appeal based on his self-serving declaration he did not read the notice of classification avails him nothing. Whether willful or negligent, failure of one, who had attended college for about two years and had dealt with the Selective Service System for over four, to avail himself of information in his hands cannot be equated with ignorance. Indifference to the notice of classification is not a circumstance justifying failure to appeal. Thompson v. United States, supra.

Refusal to admit testimony that he failed to read the notice did not prejudice appellant. Even if true, the testimony would have added nothing to his defense since it did not demonstrate any procedural irregularity on the part of the Board. And the Trial Court did not decline to consider whether or not there was a basis in fact for denial of the exemption on the ground the appellant failed to exhaust his administrative remedies as it, perhaps, could have done.[1]

■ Appellant cannot fail to appeal his classification, either because he chose not to do so or because by choice or neglect he did not read, although capable of reading, the notice setting forth his appeal rights, and then claim that by his own failure to appeal he was deprived of due process in the classification procedure, which the evidence clearly establishes conformed to the law and regulations.

The conviction is Affirmed.

1. In DuVernay v. United States, 394 F.2d 979 (5 Cir. 1968), affirmed 394 U.S. 309, 89 S.Ct. 1186, 22 L.Ed.2d 306 (1969), the Fifth Circuit held that a "registrant cannot escape the requirement that administrative remedies be exhausted by complaining * * * of a lack of due process in his local-board classification." See also United States v. McKart, 395 F.2d 906 (6 Cir. 1968), cert. granted 393 U.S. 922, 89 S.Ct 256, 21 L. Ed.2d 258 (1968), argued Feb. 27, 1969. But since we find that the district court did not err in holding that the classification of appellant had a basis in fact and since we further find that appellant was accorded due process in his classification procedure, we do not decide this case on the basis of *DuVernay*, supra.