**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**David Alan GERNANNT, Defendant-Appellant.**

**No. 28550
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 15, 1970.

Edward J. Witten, Jacksonville, Fla. (Ct.Appted.), for appellant.

John L. Briggs, U. S. Atty., Joseph W. Hatchett, Asst. U. S. Atty., Jacksonville, Fla., for appellee.

Before WISDOM, THORNBERRY, and CLARK, Circuit Judges.

PER CURIAM:

We have directed the Clerk to place the case on the Summary Calendar.[1]

The only issue that this case presents for review is whether there was a basis in fact for denying David Alan Gernannt's request for classification as a conscientious objector. We hold that there was, and affirm the district court.

David Alan Gernannt appeals from his conviction of knowingly and willfully refusing to submit to induction into the Armed Forces of the United States. 50 App. U.S.C. § 462(a). When ordered to report for induction, Gernannt was classified I–A. He reported to the induction station and submitted to pre-induction processing, but refused to take the symbolic step forward. Thereafter he was indicted, convicted upon a jury trial and sentenced to a five year term of imprisonment.

In the district court and on appeal Gernannt asserted as a defense to the criminal charge against him that his Selective Service file reflected no basis in fact to support the I–A classification, that he was entitled to be classified I–O, a conscientious objector, and that therefore the order of induction was an invalid order.

In Robertson v. United States, 5 Cir. 1969, 417 F.2d 440, 445, rev'g *en banc*, 1968, 404 F.2d 1141, we stated:

> The scope of review in draft cases is very limited, and the range of review is the narrowest known to the law. The courts do not sit as super draft

1. See Huth v. Southern Pac. Co., 5 Cir. 1969, 417 F.2d 526, Part I; *Murphy v. Houma Well Service*, 5 Cir. 1969, 409 F. 2d 804, Part I, and Fifth Circuit Rule 18.

boards, substituting their judgments on the weight of the evidence, nor should they look for substantial evidence to support such determinations. Decisions of local boards are final and the courts are not to weigh the evidence to determine whether the classification made by local boards is justified, for their decisions made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no "basis in fact" for the classification which it gave the registrant.

Dickinson v. United States, 1953, 346 U. S. 389, 74 S.Ct. 152, 98 L.Ed. 132, clarifies what is meant by a "basis in fact."

Local boards are not courts of law and are not bound by traditional rules of evidence; they are given great leeway in hearing and considering a variety of material as evidence. If the facts are disputed the board bears the ultimate responsibility for resolving the conflict—the courts will not interfere. Nor will the courts apply a test of "substantial evidence." However, the courts may properly insist that there be some proof that is incompatible with the registrant's proof of exemption.

346 U.S. at 396, 74 S.Ct. at 157, 98 L. Ed. at 138.

■ The "basis in fact" concept was again discussed in the context of determining a registrant's conscientious objector classification in Witmer v. United States, 1955, 348 U.S. 375, 75 S. Ct. 392, 99 L.Ed. 428. The Court said:

[T]he ultimate question in conscientious objector cases is the sincerity of the registrant in objecting, on religious grounds, to participation in war in any form. In these cases, objective facts are relevant only insofar as they help in determining the sincerity of the registrant in his claimed belief, purely a subjective question. In conscientious objector cases, therefore, any fact which casts doubt on the veracity of the registrant is relevant. It is "affirmative evidence * * * that a registrant has not painted a complete or accurate picture. * * * [citations omitted]."

348 U.S. at 381–382, 75 S.Ct. at 396, 99 L.Ed. 434. The ultimate question is the registrant's sincerity. Objective facts are relevant therefore only insofar as they help determine the subjective question of the sincerity of the registrant's belief. See Riles v. United States, 5 Cir. 1955, 223 F.2d 786.

Gernannt's selective service file listed four persons who could supply information as to the sincerity of his professed convictions against participation in war. The letters submitted by these people, however, cast doubt on Gernannt's professed convictions against war, both as a conscientious objector and as a Jehovah's Witness.

The selective service file also included a completed conscientious objector form which was submitted by Gernannt. With regard to his religious training and belief Gernannt stated that the nature of his belief which formed the basis of his conscientious objector claim, along with his sources of training and public expression, were all based on his regular attendance at meetings and on door-to-door missionary work. There is evidence in the file, however, that tends to refute appellant's contention that he regularly attended meetings and engaged in door-to-door talks. Moreover, Gernannt's mother testified on direct examination that her son had not been an active practitioner in the Jehovah's Witnesses religion for a number of years.

■ It cannot be said therefore that there was no basis in fact for classifying Gernannt I–A. There is evidence in the record and in Gernannt's stated beliefs to support an inference of his insincerity in objecting, on religious grounds, to participation in war in any form.

The judgment of the district court is affirmed.