**David Michael AUSTIN, Defendant-Appellant,**

**v.**

**UNITED STATES of America, Plaintiff-Appellee.**

**No. 29470**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

Dec. 7, 1970.

Rehearing Denied Feb. 3, 1971.

\* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Samuel S. Jacobson, Jacksonville, Fla. (Court Appointed), for defendant-appellant.

Joseph W. Hatchett, Asst. U. S. Atty., John L. Briggs, U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Austin was convicted in a jury trial for refusing to submit to induction into the armed forces in violation of 50 U.S. C.A. App. § 462(a). On appeal he contends that his local Selective Service Board denied him due process by failing to provide any classification information and by failing to treat a letter sent by him to the board as an application for conscientious objector classification. We affirm.

When Austin received an order to report for induction into the armed forces, he visited his draft board office to "appeal."[1] The executive secretary notified the board members of Austin's visit. However, the board concluded that it could take no action and that, if Austin failed to report, he would be referred to the Justice Department for prosecution.

Austin refused to report for induction. On his scheduled induction date, the board secretary received a letter in which Austin reasserted his refusal to serve in the armed forces.[2] The board took no action concerning the letter.

The next day Austin telephoned the board; again he spoke with the executive secretary to no avail.[3] Finally,

1. A Report of Oral Information, placed in his file by the board's executive secretary, with whom Austin talked, states:

Registrant came in and said he wanted to appeal his induction. He says he will not report for induction, it is wrong, he doesn't want to be drafted and he won't report.

I asked him if he wanted to put in a claim as a conscientious objector and he asked me what that was.

2. In part, Austin wrote:

* * * I didn't make an appeal in that 30 day period because I didn't know I was being inducted. I want to appeal it now because I am a consciensous [sic] objector and I have no intention of serving in the Armed Forces.
* * *

* * * I don't believe in killing in wars which are not necessary such as Vietnam. I don't believe in orders given to, by the government should be obeyed without questioning them. * * * I was just a victim of being brainwashed all through school that the law shouldn't be questioned But [sic] that it should be obeyed. I don't believe in God and I think it is a damn joke that you say "one nation under God" and you say freedom and liberty for the U.S. and iron hand government for the communist countries when really we don't really have much more than they do.

3. She reported:

He says he is not under a doctor's care, medication of [sic] drugs. He says he just cannot go in service, it is just a

approximately three and a half months later, Austin made another personal visit to the board office, where he talked with the executive secretary.[4] Within fifteen days of that conversation, Austin was indicted.

■■■■ Although the executive secretary's role in the dialogue with Austin deserves criticism, it gives no right to legal redress. The law forbids misfeasance by members or employees of Selective Service boards. *See, e. g.,* Powers v. Powers, 5 Cir. 1968, 400 F.2d 438. However, under the circumstances presented here, it does not proscribe nonfeasance by employees such as the executive secretary. Austin's Notice of Classification provided information concerning the availability of advice and appeals. "Were unilateral, subjective, uncounselled misunderstanding of Selective Service requirements and definitions to be a defense to prosecution, an already laboring vehicle would in all likelihood be completely immobilized." United States v. Powers, 1 Cir. 1969, 413 F.2d 834, 837, cert. denied, 396 U.S. 923, 90 S.Ct. 256, 24 L.Ed.2d 205. To say "I didn't make an appeal in the 30 day period because I didn't know I was being inducted" is no excuse.

■■■■ Likewise, Austin's contention that his draft board should have reopened his classification and considered his conscientious objector claim must fail. Exemptions from military service are matters of legislative grace, not of constitutional right. Carson v. United States, 5 Cir. 1969, 411 F.2d 631, 633, cert. denied, 396 U.S. 865, 90 S.Ct. 143, 24 L.Ed.2d 119. Local boards have no affirmative duty to ascertain *sua sponte* whether a particular registrant qualifies

for conscientious objector status. *Cf.* United States v. Brooks, 5 Cir. 1970, 422 F.2d 365, 366, cert. denied, 398 U.S. 911, 90 S.Ct. 1709, 26 L.Ed.2d 73; McCoy v. United States, 5 Cir. 1968, 403 F.2d 896, 899. Instead the burden is on the registrant to proffer *facts* which warrant classification as a conscientious objector. United States v. Enslow, 9 Cir. 1970, 426 F.2d 544, 545; *see,* Pitcher v. Laird, 5 Cir. 1970, 421 F.2d 1272, 1278–1280; Carson v. United States, *supra,* 411 F.2d at 633. In conscientious objector cases, the ultimate issue is the registrant's sincerity. Nevertheless, objective facts are relevant insofar as they help determine the subjective question of the sincerity of the registrant's belief. Witmer v. United States, 1955, 348 U.S. 375, 381–382, 75 S.Ct. 392, 99 L.Ed. 428; United States v. Gernannt, 5 Cir. 1970, 427 F.2d 1157, 1159; *see* United States v. White, 5 Cir. 1969, 421 F.2d 487.

Clearly Austin has not borne the burden necessary to substantiate his conscientious objector claim. The skeletal conclusory statements contained in his letter to the local board are not recitations of fact which would warrant reconsideration of his I–A classification. Not only the articulate may qualify for conscientious objector status, but even the uneducated must factually support their expressions of belief. Thus, Austin's appeal on this ground must fail.

Austin has not been denied due process of law. He failed to present to the local board information which could warrant reconsideration of his classification. Consequently the District Court's judgment is

Affirmed.

---

personal thing that he has tried to tell us about but he doesn't know what a conscientious objector is.
He asked what it meant to me and I told him I was not a conscientious objector.

4. In her report the secretary commented:
He has an attorney in Massachusetts and feels he was completely misinformed as he didn't know he could claim conscientious objector, etc.

I told him that I'd asked him if he was a conscientious objector and he'd asked me what that was and that I thought if he didn't even know what a conscientious objector was he could hardly claim it. He says he is. I issued Form 150 to him. I suggested that he go to see the FBI and the U.S. Attorney and their offices were in the Post Office Building.