**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas Henry SHIELDS, Defendant-
Appellant.**

**No. 17305.**

United States Court of Appeals
Seventh Circuit.

Oct. 7, 1969.

Rehearing Denied Nov. 5, 1969.

Harold P. Southerland, David Loeffler, Milwaukee, Wis., for appellant.

James B. Brennan, U. S. Atty., David J. Cannon, Asst. U. S. Atty., Milwaukee, Wis., Robert J. Lerner, U. S. Atty., Thomas R. Jones, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before DUFFY, Senior Circuit Judge, SWYGERT and CUMMINGS, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment wherein defendant was adjudged guilty of wilfully and knowingly refusing to submit to induction in the armed serv-

ices of the United States in violation of 50 U.S.C. App. § 462(a) (1964).

Defendant filed a motion in the District Court seeking to dismiss the indictment and remanding his case to the Selective Service System. This motion was denied. Defendant also appeals the denial of his motion for dismissal and remand.

While a student, defendant was classified 2–S but when no longer a student, the Board changed his classification to 1–A. In due course, defendant was found acceptable for service in the armed services, and was ordered to report for induction on November 29, 1966. Defendant did report on that date, but refused to submit to induction.

Defendant did not file for conscientious objector status (SSS 150) under 50 U.S.C. App. § 456(j) (1964). He did not claim that he was opposed to war "in any form" pursuant to the definition of conscientious objector contained in § 456(j), supra. Defendant believed he could submit evidence on the issue of selective pacifism and non-religious conscience to the trial court without first submitting such evidence to the Selective Service System.

Approximately two weeks prior to defendant's trial, this Court decided the case of United States v. Kurki, 384 F.2d 905 (7 Cir., 1967). This case, in effect, held that the evidence concerning conscientious objector status could not be submitted to the trial court unless it had first been presented to the Selective Service System. Defendant, in the instant case, then sought to remand to the Selective Service System in order to present his evidence first to them. This motion was denied. Based on United States v. Kurki, *supra,* the trial court refused to allow defendant to present evidence concerning the issue of conscientious objector status.

Defendant does not claim he refused to submit to induction because of his conscientious convictions of opposing war as a general concept. He claims that he does not feel opposed to war or the use of force in all situations. He claims he is a selective conscientious objector. Defendant points out that Section 6(j) of the law as presently written and administered requires that a conscientious objector oppose "war in any form."

At his trial in the District Court and here, defendant argued that the distinction which Congress made between religious objectors and non-religious objectors was unconstitutional under the First and Fifth Amendments to the United States Constitution.

The same questions were raised in United States v. Sisson, 297 F.Supp. 902 (D.C.Mass., 1969) which case is now before the United States Supreme Court. If the Supreme Court holds that it has jurisdiction to consider that case and passes upon the principal question there raised, the decision to be made in the instant case may be there clearly indicated.

Upon a remand of this case, the District Court may return the defendant's file to his draft board so that the Board may pass upon the "selective conscientious objector" constitutional argument.[1] Thus defendant will be able to exhaust his administrative remedies, as he sought to do by his motion to remand.

The judgment herein is reversed and the cause remanded to the District Court in order for the defendant to have the opportunity to exhaust his administrative remedies, and so that the trial court may have the opportunity to adjudge the constitutional law question raised by defendant herein.

Reversed and remanded.

---

1. Since the Selective Service system and subsequently the trial court will pass upon defendant's constitutional claim, we do not decide on the applicability of Mc-

Kart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969) to these facts.