**UNITED STATES of America, Plaintiff,**

v.

**Arthur M. HINOJOSA, Defendant.**

**No. 69–CR–41.**

United States District Court
E. D. Wisconsin.

Jan. 21, 1970.

James B. Brennan, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Franklyn M. Gimbel, Milwaukee, Wis., for defandant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, Arthur M. Hinojosa, has been indicted under 50 U.S.C. App. § 462 for failure to report for civilian work after having been classified I-O (conscientious objector) by his local draft board.

At a pretrial conference on October 29, 1969, the defendant moved to return his

selective service file to his local board for reconsideration of his selective service status, based on the holding in United States v. Shields, 416 F.2d 935 (7th Cir. 1969). The court granted that motion, but the government then moved to stay that order pending submission of briefs on the issue. The government's request for a stay was granted. Both parties have submitted briefs, and the court will now reconsider its earlier decision.

The defendant is a member of Jehovah's Witnesses. He was classified I-O on June 6, 1967. On September 17, 1968, the defendant met with his local board in an attempt to agree on acceptable civilian work. Thus, the defendant was aware that his I-O classification required the performance of such work. No agreement was reached and by notice of November 5, 1968, the defendant was ordered to report for civilian work on December 2, 1968.

The defendant wrote to his local board on November 19, 1968 and requested to be classified as a minister because of his work as a Jehovah's Witness. In addition, on that same day, several acquaintances of the defendant also wrote letters to the local board recommending that the defendant be deferred as a minister. The local board considered this information at a meeting on November 19, 1968 and by a vote of 3 to 2 decided that no action should be taken.

On November 29, 1968, the defendant wrote to the Wisconsin state headquarters of the selective service requesting a personal appearance and a postponement of the date on which he was to report for civilian work, claiming he was entitled to a ministerial deferment. A letter to the defendant from the state headquarters, dated December 6, 1968, informed the defendant that these matters must be taken up with his local board. By that time, his date to report for work (December 2) had already passed.

From the foregoing, it appears that the defendant's local board reviewed all information and materials timely submitted to it. The defendant's attorney, in his memorandum filed with this court on December 19, 1969, indicates that "certain relevant factors in the defendant's circumstances would prompt his Local Board to reclassify him as a minister". However, it is not indicated what those circumstances might be.

Upon reconsideration, I find nothing in the case before me which would bring it under the facts of the opinion in United States v. Shields. I conclude that a remand to the local board is not warranted.

The decision in Shields involved a very limited fact situation. About two weeks before Mr. Shields was to go to trial for failure to report for induction, the seventh circuit court of appeals decided United States v. Kurki, 384 F.2d 905 (7th Cir. 1967). Kurki held that evidence as to conscientious objector status could not be submitted to the trial court unless it had previously been submitted to the selective service system. Based on the decision in Kurki, the trial court refused to allow Mr. Shields to present evidence as to the issue of his claimed status as a conscientious objector; it also denied his motion to remand to the local board so he could submit the evidence to it. Thus, at the trial court level, Mr. Shields was not allowed to present evidence which, until two weeks before the trial, he believed was admissible. On appeal, his motion to remand was granted. There is nothing before me which indicates a similar condition exists as to Mr. Hinojosa.

A case may arise in which the defendant was wrongly denied the opportunity to present evidence to his local board, and a remand for that purpose might be in order; but this is not such a case.

Therefore, it is hereby ordered that the order for remand of October 29, 1969 be and hereby is rescinded, and the defendant's motion to remand his selective service file to his local board for reconsideration be and hereby is denied.

It is further ordered that the above matter is hereby set down for trial at 10:00 A.M. on March 2, 1970, and for a final pretrial conference at 9:30 A.M. on February 19, 1970.