**UNITED STATES of America, Plaintiff,**

v.

**James Gilbert JOHNSON, Defendant.**

**Civ. A. No. 68–CR–126.**

United States District Court, E. D. Wisconsin.

March 4, 1970.

Robert J. Lerner, U. S. Atty., by Richard E. Reilly, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Jack N. Eisendrath, Milwaukee, Wis., for defendant.

REYNOLDS, District Judge.

Defendant, James Gilbert Johnson, is charged in a one-count indictment with wilfully and knowingly failing to report for induction into the Armed Forces pursuant to an order of his Local Board, in violation of § 462, Title 50 Appendix, United States Code. A plea of not guilty was entered, and the matter was tried before the Court. After the close of all of the evidence, the defendant renewed his motion for judgment of acquittal. This motion is now before the court.

Defendant was classified 1–A by his Local Board on October 24, 1967. He was ordered to report for his Armed Forces physical examination on December 5, 1967. He failed to appear. He was further ordered to appear on January 26, 1968. He did then appear and was found physically acceptable. On March 1, 1968, Mr. Johnson was mailed an "Order to Report for Induction" on March 15, 1968. He failed to report as ordered. On March 20, 1968, the Local Board wrote a letter to the defendant asking for an explanation of his failure to report. The defendant did not answer this letter. On April 2, 1968, the Local Board forwarded the defendant's entire selective service file to the State Headquarters of the Selective Service. On the same date, the defendant was also reported as delinquent to the State Headquarters. By a letter dated April 13, 1968, Mr. Johnson informed his Local Board of his desire to apply for the status of conscientious objector. The Local Board did not respond to this letter. On June 24, 1968, the defendant wrote to his Local Board and requested a response to his April 13 letter. The next day the Board answered saying that because his request for conscientious objector status was received after his order to report for induction had been issued, no further action was contemplated with regard to his request.[1]

The primary contention of the defendant is that the Local Board violated the requirements of due process when it failed to consider Mr. Johnson's claim for conscientious objection which was contained in his letter dated April 13, 1968.

Specifically, the defendant contends that the Local Board did not comply with the requirements of 32 CFR § 1625.2. That section reads:

"§ 1625.2  When registrant's classification may be reopened and considered anew.

"The local board may reopen and consider anew the classification of a registrant (a) upon the written request of the registrant, the government appeal agent, any person who claims to be a dependent of the registrant, or any person who has on file a written request for the current deferment of the registrant in a case involving occupational deferment, if such request is accompanied by writ-

---

1.         "25 June 1968

"Mr. James G. Johnson
1758 Juneway Terrace
Chicago, Illinois 60626
"Dear Mr. Johnson:
"In reply to your recent letter, would advise your request for Conscientious Objector status was received after you had been ordered and failed to report for induction.

"No further action is contemplated as regards your claim as a conscientious objector.

"For the Local Board,
(s) Ruth D. Junge
"Ruth D. Junge,
Executive Secretary
Local Board Number 46"

ten information presenting facts not considered when the registrant was classified, which, if true, would justify a change in the registrant's classification; or (b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; provided, in either event, the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction (SSS Form No. 252) or an Order to Report for Civilian Work and Statement of Employer (SSS Form No. 153) unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control."

The defendant argues that under this section, the Local Board was required to examine Johnson's claim for conscientious objection even though that claim was presented for the first time after the date on which Johnson was ordered to report for induction and failed to report.

It is clear that the Local Board at no time gave any consideration to the conscientious objection claim asserted in Mr. Johnson's letter of April 13 [2] and that the letter was the first assertion of the claim.[3]

The record indicates that the reason the Local Board did not give any consideration to Mr. Johnson's request is that it was deemed untimely—that is, because it was submitted after Johnson was ordered and failed to report for induction.[4]

The question then presented is: Did the Local Board act properly, under the regulations, when it refused to consider the defendant's conscientious objection claim on the ground that it was made subsequent to an order to report for induction and a failure to report?

This question must be answered in the negative.

The total scheme of the regulations dealing with reopening a registrant's classification (Part 1625 of Title 32, Code of Federal Regulations) recently came under the scrutiny of the Seventh

2. The following questions and answers relate to Mr. Johnson's April 13, 1968, letter:

"Q [Government Attorney] From the records now, was that the first time there had been any claim by Mr. Johnson that he was a conscientious objector?

"A [Mrs. Junge, Local Board Clerk] Yes.

"Q Did the Board meet and consider his claim that he proposed on April 15th, 1968?

"A No. (T. p. 16)
* * * * *
"Q Perhaps I asked you this before, Mrs. Junge, but did the Board meet or consider Mr. Johnson's claim in his letter of April 15th, 1968 regarding conscientious objection claim?

"A No. It wasn't because it's not our policy." (T. p. 19)

3. "Q [Defense Attorney] Now, Mr. Johnson, did your claim to Conscientious Objection exist as stated in that let-

ter prior to the time or about the time that you sent it to the Board?

"A [Defendant] No, it did not.
* * * * *
"THE COURT: * * * Did the letter at the time you sent it state your views?

"THE WITNESS [Defendant]: At that time, yes.
* * * * *
"Q [Defense Attorney] Did those views exist on the date you were ordered to report for induction?

"A [Defendant] No, sir.

"Q Why did you not place a claim for Conscientious Objection with your Local Board on the date you were ordered to report or prior to that time?

"A Because I didn't feel in good conscience I qualified as a Conscientious Objector. Therefore, I didn't feel I could apply for it." (T. pp. 85–86)

4. See footnote 1, supra.

Circuit Court of Appeals which held that one of the required elements of a registrant's due process rights is that the Local Board at least consider the facts presented in a request to reopen. United States v. Shermeister (No. 17482, decided Jan. 21, 1970).

The Court in *Shermeister* gave close consideration to § 1625.2 and determined that section to presuppose that Local Boards may reopen classifications even after orders for induction have been mailed. It was further held that requests for reclassification can properly be considered by Local Boards after the induction date, if necessary.

The facts of the case at bar present an even more compelling reason for meticulous adherence to the letter and spirit of § 1625.2 than was presented in *Shermeister*. Shermeister was concerned with the Local Board's failure to consider a second request for conscientious objector classification which, as pointed out by the dissenting judge, "did little if anything more than restate" an earlier expression of the claim which was properly considered by the Local Board. In this case the concern is with a claim for conscientious objector classification made for the first time and never examined by the Local Board.

I am of the opinion that the *Shermeister* decision controls this case and that the failure of the Local Board to consider the defendant's conscientious objector claim was a denial of his due process rights. This is true even though the request for conscientious objector classification was submitted to the Local Board after a failure to report for induction as ordered. United States v. Hinch, 292 F.Supp. 696 (W.D.Mo.1968); United States v. Blaisdell, 294 F.Supp. 1303 (D.Me.1968).

For the foregoing reasons,

It is ordered that defendant's motion for judgment of acquittal must be and it is hereby granted.