UNITED STATES of America ex rel. Cordell SMITH, Plaintiff,

v.

COMMANDING OFFICER, ARMED FORCES EXAMINING AND ENTRANCE STATION, MILWAUKEE, WISCONSIN, Defendant.

No. 70-C-419.

United States District Court, E. D. Wisconsin.

Oct. 20, 1970.

David J. Cannon, U. S. Atty., by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Greenberg, Karp & Heitzman, by Sander Karp, Milwaukee, Wis., for defendant.

OPINION and ORDER

MYRON L. GORDON, District Judge.

Cordell Smith has petitioned for the issuance of a writ of habeas corpus; he contends that he was unlawfully inducted into the United States armed forces.

Mr. Smith had been ordered to report for induction on October 24, 1969. On July 1, 1970, he applied to his board for an SSS form 150 relating to conscientious objection and filed it on July 16, 1970. His induction took place on July 22, 1970, at which time the United States dismissed an indictment which had been issued against him for failing to report for induction.

The principal issue in this case is whether the petitioner's local board was legally obliged to reopen his classification notwithstanding the fact that the filing of the conscientious objector form took place more than nine months after he had been ordered to report for induction and just six days before his actual induction.

Recent decisions of appellate courts establish that selective service registrants are generally entitled to evaluation by their local boards of belated applications for conscientious objector status. United States v. Lemmens, 430 F.2d 619 (7th Cir. 1970); United States ex rel. Hemes v. McNulty, 432 F.2d 1182 (7th Cir. 1970); United States v. Shermeister, 425 F.2d 1362 (7th Cir. 1970); Scott v. Volatile, 431 F.2d 1132 (3rd Cir. 1970); United States v. Johnson, 310 F.Supp. 624 (E.D.Wis. 1970). These decisions warrant the conclusion that a registrant's claim for a change of status due to a tardy crystallization of his views as a conscientious objector may not be ignored or denied merely because such claim was submitted to the board after notice to report for induction has been received.

In Capobianco v. Laird, 424 F.2d 1304 (2d Cir. 1970), court said (p. 1306):

"While the board was justified in considering the lateness of Capobianco's claim as reflecting on the reality of the crystallization of his conscientious objection, we have held 'it would be improper to conclude that an individual is not a genuine conscientious objector merely because his beliefs did not ripen until after he received his

572

notice,' United States v. Gearey I, 368 F.2d 144, 149–150 (2 Cir. 1966), cert. denied, 389 U.S. 959, 88 S.Ct. 335, 19 L.Ed.2d 368 (1967)."

The seventh circuit court of appeals in *Hemes* quoted approvingly from United States v. Broyles, 423 F.2d 1299, 1305 (4th Cir. 1970):

"However, it is not now and never has been our view that lateness *as a matter of law* requires the rejection of the claim."

In view of these precedents, I conclude that the local board was obliged to reopen Mr. Smith's classification and to consider his application for conscientious objector status.

Now, therefore, it is ordered that Cordell Smith's petition for writ of habeas corpus be and hereby is granted. He shall forthwith be released from the respondent's custody.