**UNITED STATES of America,
Plaintiff,**

v.

**Michael Joseph DOUGAN, III, Defendant.**

**No. 70-CR-51.**

United States District Court,
E. D. Wisconsin.

Jan. 21, 1971.

David J. Cannon, U. S. Atty., by Terry Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Shellow & Shellow, by Robert H. Friebert, Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant was tried by the court, sitting without a jury, on an indictment

charging him, under the selective service law, with failing to report for induction. All of the facts in the case were stipulated, and the trial consisted only of the formality of receiving the written stipulation into evidence. The court also had the benefit of both oral and written arguments of counsel.

There are two questions which are presented by this case. The first is whether Mr. Dougan is entitled to dismissal because the board did not consider his application for conscientious objector status filed by him after the date that he had been ordered to report for induction, but before the date of his indictment. The second question concerns the fact that a postponement of induction, which had been given to the defendant, was cancelled, not by the board, but by the clerk, without the clerk's communicating with the board.

## THE CONSCIENTIOUS OBJECTION APPLICATION

The stipulated facts show that Mr. Dougan was ordered by his board to report for induction on April 21, 1969, and that he failed to do so. It was not until February 18, 1970 that he mailed the conscientious objector form to the local board. The board did not consider such application, and his indictment followed on March 31, 1970.

There is case law which supports the government's contention that the board was not obliged to entertain the application for conscientious objector status when it was presented to the board, for the first time, after the registrant had failed to report for induction. United States v. Hart, 433 F.2d 950 (9th Cir. 1970); Palmer v. United States, 401 F.2d 226 (9th Cir. 1968). Cf. United States v. Hinojosa, 307 F.Supp. 797 (E.D. Wis.1970). These cases construe 32 C.F.R. § 1625.14 as giving a board the power but not the duty to re-examine a registrant's classification on a belated filing.

Notwithstanding those decisions, it is my opinion that the irresistible interpretation of the cases which have been decided recently by the court of appeals for this circuit requires a ruling favorable to the defendant in this case. For example, in United States v. Shermeister, 425 F.2d 1362 (7th Cir. 1970), the court held that there was a denial of due process to a registrant when the board declined to reopen his classification to examine his conscientious objector claim which was filed after an order for induction had been sent to him.

United States v. Rink, 430 F.2d 647 (7th Cir. 1970), also concerned a conscientious objector's application which was filed after the board had issued its order to report for induction; the court held that "before Rink's application could be properly denied, his local board had the obligation to decide" upon the sincerity of his beliefs.

A district court case in which there was a tardy submission of a conscientious objector application is United States v. Johnson, 310 F.Supp. 624 (E.D. Wis.1970). There, as in the case at bar, the application for conscientious objector status was filed several months after his induction date had passed. Citing *Shermeister,* the court concluded that due process required the board to consider the belated conscientious objector claim.

In United States v. Shields, 416 F.2d 935 (7th Cir. 1969), a defendant successfully contended that he had planned to submit evidence regarding his conscientious objector status to the trial court, but he had not previously submitted such evidence to his draft board. The court of appeals remanded the case to the district court so that the latter court could return the file to the defendant's draft board.

On October 9, 1970, Judge Reynolds decided the case of United States v. Grochowski, 69–CR–149, in which the court dismissed an indictment and remanded the case to the defendant's local draft board. The board was directed to consider the conscientious objection claim

which had been raised after his indictment.

One of the most compelling decisions in this field is the recent one by the court of appeals in United States v. Nordlof, 440 F.2d 840 (7th Cir., decided January 5, 1971). There the court was faced with a registrant's application for a conscientious objector classification; it had been made for the first time after receipt of the order to report for induction. The court held (page ——) :

> "*Belatedness itself is not a good reason for refusing to consider a claim,* although it is a factor a board may consider on the board's ultimate question of sincerity, once a reopening has been granted." (Emphasis added.)

There is now pending before the United States Supreme Court the case of Ehlert v. United States, 422 F.2d 332 (9th Cir. 1970), cert. granted, 397 U.S. 1074, 90 S.Ct. 1525, 25 L.Ed.2d 808 (1970), which may resolve the board's duty when confronted with a conscientious objector claim which is presented after the order to report is sent.

Mr. Dougan's application preceded his indictment, and thus is an easier case than either *Shields* or *Grochowski*. In any event, the philosophy of the court expressed in *Nordlof* would, in my opinion, clearly apply to an applicant in Mr. Dougan's position.

In view of the foregoing, I conclude that the defendant was entitled to have his application as conscientious objector considered by his local board, even though it was not submitted until after the date when he had been ordered to report for induction.

### CANCELLATION BY THE CLERK

The stipulated facts establish that the board did not act upon the information supplied by Mr. Dougan regarding his status as a part-time college student; instead, it was the clerk of the board who cancelled the postponement of induction which had previously been given to the registrant. The clerk did this without advising the board members and without having any communication with them.

In my opinion, this was a denial of due process of law and requires a dismissal of this indictment. In concluding that Mr. Dougan was not entitled to a I–S(C) classification, the clerk's cancellation of his postponement constituted a usurpation by the clerk of a board function. The decision to terminate the postponement was not a mere clerical function that consummated a board determination; instead, it required an interpretation of certain facts and a decision which properly belonged to the board itself under its own rules. See WSS 140.1. See United States v. Freeman, 388 F.2d 246 (7th Cir. 1967).

In view of the foregoing, it is my conclusion that the defendant is entitled to a judgment of dismissal.

Now, therefore, it is ordered that the instant indictment be and hereby is dismissed and that the defendant be and hereby is discharged.