**Earl Lee BROWN, Plaintiff–Appellant,**

v.

**W.B. FLURY, et al.,
Defendants–Appellees.**

**No. 87–8283
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 27, 1988.

Earl Lee Brown, pro se.

J. Carlisle Overstreet, Asst. Atty. Gen., Augusta, Ga., Michael E. Hobbs, Atlanta, Ga., for defendants-appellees.

Before KRAVITCH, JOHNSON and HATCHETT, Circuit Judges.

HATCHETT, Circuit Judge:

Earl Lee Brown, a Georgia inmate, appeals a jury verdict in favor of prison guards W.B. Flury and "John Doe" in this 42 U.S.C. § 1983 civil rights action. Brown alleges that Flury and Doe destroyed twenty-six law books that were in his possession. We affirm.

In the wake of several murders at Georgia State Prison, prison officials embarked on a program to minimize the possessions which an inmate could have in a cell. Brown alleges that officials purposely destroyed twenty-six Georgia law books necessary for his use in ongoing litigation. In support of this claim, three inmate witnesses testified at the trial of this case that Flury or another officer threw Brown's law books from his second-tier cell block. Contrary to the inmates' testimony, Flury testified that the inmates responded to his search for contraband by throwing possessions out of their cells and off the tier.

Brown contends that the destruction of law books rightfully in his possession was

an unconstitutional infringement of his right to access to the courts. Appellees contend that they did not violate Brown's constitutional rights and alternatively, that they are entitled to qualified good-faith immunity.

In this appeal, Brown raises several issues.* We affirm on all issues and comment on only one: whether the district court erred in allowing the defense to impeach Brown's witnesses with evidence of their prior convictions.

Federal Rule of Evidence 609(a) states: (a) General Rule. For the purpose of attacking the credibility of a witness, evidence that a witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, *and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant....*

This simple rule has produced confusion among the circuits concerning three legal issues: (1) whether the rule's requirement that the court balance prejudicial effect and probative value applies to both civil and criminal cases; (2) whether this balancing test involves weighing prejudice to plaintiffs and non-party witnesses, as well as defendants; and (3) whether the balancing test of Federal Rule of Evidence 403 applies even if such a test is not required by Federal Rule of Evidence 609(a). The circuits are split on these issues.

On the first issue, the circuits are split in the following lineup. *Campbell v. Greer*, 831 F.2d 700, 703 (7th Cir.1987) (in civil cases, prior convictions are admissible without any balancing test). *Contra Petty v. Ideco, Div. of Dresser Industries, Inc.*, 761 F.2d 1146, 1152 (5th Cir.1985) (balancing test of 609(a) required in *civil* cases).

The circuits are split on the second issue. *Diggs v. Lyons*, 741 F.2d 577, 582 (3d Cir. 1984) *cert. denied*, 471 U.S. 1078, 105 S.Ct. 2157, 85 L.Ed.2d 513 (1985) (mandatory admission of prior convictions without balancing test when witness is civil plaintiff or witness for criminal prosecution). *Contra Petty v. Ideco, Div. of Dresser Industries, Inc.*, 761 F.2d 1146, 1152 (5th Cir.1985) (609(a) balancing test even if witness is civil *plaintiff*).

The circuits are split on the third issue. *Shows v. M/V Red Eagle*, 695 F.2d 114, 119 (5th Cir.1983) (even if 609 balancing test applies only to criminal defendants, rule 403 still applies to require balancing test in any case where evidence of prior conviction is proffered); *Czajka v. Hickman*, 703 F.2d 317, 319 (8th Cir.1983) (regardless of whether 609 balancing test applies only to criminal defendants, rule 403 still requires balancing prejudice and probative value when considering evidence of prior convictions). *Contra Diggs* at 582; *Campbell* at 706.

In this case, none of the above issues are ripe for resolution because the facts in this case render the requirement of a balancing test superfluous. The prejudice and the probative value which the evidence of prior convictions presented were of no importance in this case because the jury was well aware that each inmate testifying had been convicted of a crime before defense counsel questioned him on his prior convictions. Because their testimony concerned incidents occurring two or three prison cells from their own, the jury knew that the inmates were housed in Georgia State Prison. Therefore, even if Brown's objection to the impeachment of his witnesses

---

* Issues raised by Brown are: Whether the district judge erred by failing to allow an amendment to the complaint; whether the court erred in denying Brown's request for a subpoena duces tecum; whether the court erred in denying Brown's request to have the case reassigned to another division of the court; whether the court erred in denying Brown's motion to propound a third set of interrogatories; whether the court committed error with respect to voir dire of the jury; whether the court erred in allowing evidence that murders had occurred at the Georgia State Prison shortly before the incident which is the subject of this suit; and whether the court erred in not preventing counsel for the appellees from impeaching witnesses by showing prior felonies.

through the evidence of prior convictions is correct on any ground, the error is harmless because the jury knew that each inmate had been convicted of a crime. *See United States v. Solomon,* 686 F.2d 863, 873 (11th Cir.1982) (harmless error doctrine applied to Federal Rule of Evidence 609).

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.