936 F.2d 575
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Girvies L. DAVIS, Plaintiff-Appellant,
v.
Delbert MARION, Defendant-Appellee.
 No. 89-1286.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 10, 1991.*
Decided June 21, 1991.
 
 Order
 In 1979 Girvies Davis fought his wife's ex-boyfriend. During the melee the former boyfriend shot Davis' wife. Davis rushed her to the hospital, violating the traffic laws en route. Police arrested Davis at the hospital and trundled him into Delbert Marion's squad car with his hands cuffed behind his back. Davis managed to open the door of the squad car; he tumbled out and edged away. Marion followed and subdued Davis, knocking out eight of his teeth in the process. Davis contends in this action under 42 U.S.C. Sec. 1983 that Marion used excessive force in reacquiring custody. The parties consented to a jury trial before a magistrate judge.
 Marion's counsel elicited at trial that Davis had been convicted of four murders. Davis, then a state prisoner, appeared in manacles throughout the trial. We agree with the magistrate judge that the restraints (and the guard immediately behind Davis) were necessary given his penchant for violence. The use Marion made of that history is another matter. Throughout the trial, counsel hammered away at Davis' disrespect for the law and the interest of others. In closing argument, for example, Marion's lawyer said:
 Here is a man who has served the citizens. ... He deserves some fairness when being compared with someone who has made no investment in society. ... If [Davis] is awarded money, what that says is that people like this, people who have no respect for the law ... can come up against a man like this and get money.
 The argument was totally inappropriate. The question for decision at trial was whether Marion used excessive force in capturing Davis, not whether Marion is a better person than Davis. The magistrate judge should have put a stop to it but did not.
 Green v. Bock Laundry Machine Co., 490 U.S. 504 (1989), holds that in civil trials the criminal convictions of any witness are admissible for impeachment. The only purpose of their use is impeachment. As we observed in Campbell v. Greer, 831 F.2d 700 (7th Cir.1987), and reiterated in Hernandez v. Cepeda, 860 F.2d 260 (7th Cir.1988), a party may not "shift the focus of attention from the events at issue ... to the witness's conviction in a previous case." 831 F.2d at 707. Marion's lawyer scarcely used these convictions for impeachment; shifting the focus of trial to Davis's worth as a person was precisely the use counsel made of them.
 There is a second substantial problem. The magistrate judge instructed the jury that Davis had to show that Marion's "use of force ... amounted to an abuse of official power that shocks the conscience." He took this from Gumz v. Morrissette, 772 F.2d 1395, 1400 (7th Cir.1985). But before the trial of this case we had overruled Gumz in favor of an objective standard. Lester v. Chicago, 830 F.2d 706 (7th Cir.1987). The Supreme Court has since endorsed Lester's approach and rejected that of Gumz. Graham v. Connor, 490 U.S. 386 (1989).
 What stands between Davis and another trial is his lawyer's failure to make timely objections. Counsel did not object to the instruction based on Gumz, and in civil cases no doctrine of plain error protects litigants who neglect to make the objection required by Fed.R.Civ.P. 51. Deppe v. Tripp, 863 F.2d 1356 (7th Cir.1988). Counsel did file a motion in limine asking for the exclusion of any reference to the murder convictions, but the court properly denied this motion; counsel did not thereafter object specifically to the impermissible uses of the convictions. The rules of evidence contain a plain error doctrine, Fed.R.Evid. 103(d), but this is a high hurdle indeed.
 Claims of waiver may themselves be waived, however. E.g., United States v. Dunkel, 927 F.2d 955 (7th Cir.1991). An appellee who does not point to the flaw forfeits any entitlement to its benefit. That is the posture of our case. Marion disdained the opportunity to file a brief. If Marion had filed a brief engaging Davis on the merits without mentioning Davis's omissions at trial, this would without question forfeit any claim that Davis had not preserved his arguments. Marion cannot be better off by filing no brief at all. Silence on his part is insufficient to preserve a waiver argument.
 This does not imply that every time the appellee decides not to file a brief, the judgment will be reversed. We still must be convinced that error infects the judgment. This trial was pervaded by improper argument from Marion's counsel and capped off by a blatantly incorrect instruction on the central element of the case. Error there surely was; the only argument for affirmance would be counsel's failure to protect Davis's rights at trial. That argument is one that must be specifically asserted by the appellee. Because it was not so asserted, we reach the merits and reverse.
 Circuit Rule 36 applies on remand even though the trial occurred before a magistrate judge rather than a district judge. We also remind counsel and the court that an amendment to Fed.R.Evid. 609(a)(1), effective December 1, 1990, countermands Bock Laundry and requires the application of Fed.R.Evid. 403 before Davis's criminal convictions may be used even for impeachment.
 REVERSED AND REMANDED.
 
 
 
 *
 Appellee has declined to submit a brief, so the case is submitted for decision without argument. Fed.R.App.P. 31(c); Circuit Rule 31(d)